UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARNOLD B. CURTIS** | **CIVIL ACTION NO. 3:11-cv-1882** |
| **LA. DOC #327401** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Arnold B. Curtis filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 24, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana. Petitioner attacks his 2010 conviction for possession with intent to distribute cocaine and the hard labor sentence imposed by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### Background

On August 25, 2008, petitioner was arrested by the Monroe Police Department and charged with resisting arrest by flight, battery on a police officer, simple assault, second offense possession of a controlled dangerous substance, possession of drug paraphernalia, and attempted escape. [Doc. 1-2, pp. 4-5] On April 15, 2009, petitioner filed a *pro se* "Motion to Suppress Evidence/Quash;" thereafter, on October 6, 2009, petitioner's retained attorney, Elizabeth Brown, filed a second

Motion to Suppress. A hearing was convened on the motions on January 4, 2010. [Doc 1-2, pp. 5-6; Doc. 5-1, pp. 13-18 (Partial Transcript)] The motion was denied on March 4, 2010. [Doc. 1-2, p. 14]

Petitioner demanded that his attorney seek a writ of review; however, she refused to do so. [Doc. 1-2, pp. 15-16] Thereafter petitioner expressed dissatisfaction with counsel and on April 13, 2010, a hearing was convened on her motion to withdraw. Following the hearing, Ms. Brown was permitted to withdraw and Public Defender George Britton was appointed to represent petitioner. Petitioner demanded that Britton seek review of the denial of his motion to suppress and he likewise refused. [Doc. 1-2, pp. 7-8]

Petitioner waived his right to trial by jury and proceeded to trial. On May 20, 2010, during a recess in the trial, petitioner entered into a plea agreement and pled guilty to one count of possession with intent to distribute cocaine; in accordance with the plea agreement, petitioner was sentenced to serve 10 years at hard labor. [Doc. 1-2, pp. 8-9; Doc. 5-1, pp. 29-64] According to petitioner, he "... understood that he was a second offender at the time and wanted to forego the lengthy trial proceedings and not risk a potential life sentence when he decided to take the offered plea offer by the State of twelve (12) years under conditions that he reserved his right under *Crosby* which his then-attorney, George Britton almost guaranteed, however, the State frowned hardly [sic] at this motion and took their deal [off] the table." [Doc. 1-2, p. 13]

During the plea colloquy, petitioner was advised by the trial judge that his plea would operate as a waiver of the right to seek further review of the motion to suppress and review of the conviction and sentence, and petitioner averred that he understood and consented to the waiver. [Doc. 5-1, pp. 33-34, 43]

On May 5, 2010, and again on June 14, 2010, petitioner filed pleadings seeking review of

the denial of his motion to suppress in Louisiana's Second Circuit Court of Appeals. [Doc. 5-1, pp. 3-12, 65-70[1]] On October 7, 2010, relief was denied. In denying relief, the Court of Appeals observed

> The applicant, Arnold Curtis, has filed a 'Motion for Out-of-Time Appeal'; however, his filing asks this Court to review the trial court's denial of his pretrial motions to suppress/quash. Curtis pled guilty to the charges brought against him without reserving his right to appellate review of the pretrial rulings. *State v. Crosby*, 338 So.2d 584 (La. 1976).[2] Therefore, applicant's request for review is denied.

*State of Louisiana v. Arnold Curtis*, No. 46,022-KH (La. App. 2 Cir. 10/7/2010)[Doc. 1-3, p. 1; Doc. 5-1, p. 1]

He sought review in the Louisiana Supreme Court [Doc. 5-1, pp. 19-28; pp. 71-76[3]] and on September 30, 2011, his writ application was denied without comment. *State of Louisiana ex rel. Arnold Curtis v. State of Louisiana*, 2010-2512 (La. 9/30/2011), 71 So.3d 279. [Doc. 5-1, p. 2]

Petitioner filed the instant petition for *habeas corpus* on October 24, 2011, raising two claims for relief paraphrased as follows – (1) the denial of petitioner's right to seek review of the denial of

---

[1] In the pleading filed on May 5, 2010, petitioner argued two claims for relief: (1) "The seizure of contraband in this case should have been suppress[ed] and [the] motion to suppress granted as fruits of [an] illegal stop, detention, search and arrest in violation of the 4th Amendment to [the] United States Constitution." (2) "The Court erred in finding the booking procedures within the Louisiana and United States [statutes] when defendant was not booked on the warrant that gave rise to the arrest and was not booked on the alleged burglary suspect [sic] that cause that justified the stop in the first place." [Doc. 5-1, p. 8] In the pleading filed on June 14, 2010, petitioner alleged that his attorneys refused to heed his demand that they seek review of the denial of his motion to suppress; he also alleged that he was entitled to an "out-of-time" appeal of the denial of his motion to suppress. [Doc. 5-1, pp. 65-70]

[2] In *State v. Crosby*, 338 So.2d 584 (La. 1976), the Louisiana Supreme Court held that a guilty plea waives all non-jurisdictional defects in the proceedings prior to plea unless the defendant specifically reserves the right to appeal pre-plea rulings.

[3] The pleadings filed in the Louisiana Supreme Court were identical to those filed in the Second Circuit Court of Appeals. [Doc. 5-1, pp. 19-28; 71-76]

his motion to suppress by way of an out-of-time appeal violated petitioner's right to due process; and (2) counsel was ineffective for failing to preserve and timely seek review of the district court ruling which denied petitioner's motion to suppress. [Doc. 1-2, pp. 9-10]

### *Law and Analysis*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition..." In order to be eligible for habeas corpus relief, a state prisoner must establish that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a); Rule 1, Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner claims that his custody violates the Constitution because he was denied the right to seek appellate review of the ruling on his motion to suppress, and because his attorneys rendered ineffective assistance when they failed to preserve the issue for appellate review.

The pleadings and exhibits, however, clearly establish that appellate review was denied because petitioner waived his right to such review when he entered his guilty plea, and that the plea agreement entered into mandated the waiver of appellate review of the pre-plea ruling.

As noted above, petitioner's trial had commenced when he decided to accept the plea offer tendered by the prosecution. During the course of the plea colloquy, the trial court, in making the determination that petitioner was literate and competent enough to understand the plea proceedings, noted that petitioner had prepared and filed a *pro se* motion to suppress. Thereafter, the following exchanges occurred:

Court – <u>Now while I'm at it, while we're talking about this motion to suppress, you</u>

understand that if you plead guilty here today that you're going to waive or give up any right that you would have to challenge this evidence. We had a hearing on your motion to suppress ... you know, evidence, testimony was presented. I ruled against you. I ruled that the evidence was admissible. And if you plead guilty here today, that claim that the officer acted improperly or illegally in obtaining this evidence that they say they found on your person, that's going to be waived or given up by this guilty plea. Do you understand that?
Curtis – Yes, sir.
Court – Is that what you want to do?
Curtis – Yes, sir.

\* \* \*

Court – Now have you and [counsel] had sufficient time to talk about your case? I assume you have since we're in the middle of trial. I assume y'all have discussed what happened, what you did or did not do?
Curtis – Yes, sir.
Court – You discussed also your options like pleading guilty, going to trial, what kind of defense you may or may not have?
Curtis – We talked about going to trial. Yes, sir.
Court – I assume you did since we actually started trial ... And so then we actually started your trial and we've taken evidence from two witnesses, I think, and we were getting ready to start back up at 1:30 today. And then we had some discussions, we being your lawyer and I and the state – the lawyers for the state had some discussions about possibly a plea in your case. But we didn't know whether that was going to happen or not. And so then when we came back to start up, that's when your lawyer said that he advised me y'all had reached an agreement, which I'm willing to go along with. Who made this decision about pleading guilty?
Curtis – I did.
Court – And you believe it's in your best interest?
Curtis – Yes, sir.

\* \* \*

Court – Mr. Curtis, they said they're going to dismiss the attempted simple escape charge. So you don't have to worry about that being on your jacket or on your record with DOC when you go serve your time... Having said that, everything pretty much is – well, is exactly as you and your lawyer have discussed it. All the other sentences are going to run concurrently with what you get on the cocaine case. But all that's going to run consecutively with the time you've got to do with the DOC already.
Curtis – Yes, sir.
Court – Now you want to plead guilty with that understanding?
Curtis – Yes, sir.
Court – Now you do understand that you don't have to plead guilty?
Curtis – Yes, sir.
Court – You have an absolute right to plead not guilty and go to trial. You decide if you want a judge trial instead of jury trial, but you have a right to a trial before a

judge or a jury, one or the other on these charges. Do you understand that?
Curtis – Yes, sir.
Court – As a matter of fact, we're in the middle of your trial now. Right?
Curtis – Yes, sir.
Court – <u>You understand that if you plead guilty here today you're going to give up your right to a trial, your right to finish this trial out and everything that goes with it?</u>
Curtis – <u>Yes, sir.</u>
Court – <u>Particularly like I talked about the motion to suppress, that's no longer something you can raise or urge in the future if you plead guilty here today. You're waiving or giving that up. Do you understand that</u>?
Curtis – <u>Yes, sir.</u>
Court – And you want to plead guilty?
Curtis – Yes, sir.

\* \* \*

Court – You also have normally a right to appeal your conviction and sentence to a higher court. If you go to trial and if you get convicted of something at trial, you have a right to appeal your case to a higher court like the court of appeal in Shreveport. You can appeal your conviction and your sentence under those circumstances. But <u>if you plead guilty, you're going to waive or give up any really good right to have your case looked at later on by a higher court</u>. I'll explain it to you why I say that. First of all, if you plead guilty, there's no longer going to be any question about is there, is there not enough evidence for you to be found guilty because you admit that you're guilty. You say, look, judge, that's okay. They don't have to prove anything. I admit it. You relieve the state of their burden of proof, you do away with your presumption of innocence and that's no longer an issue. <u>Do you understand that?</u>
Curtis – <u>Yes, sir.</u>
Court – Also you know what your sentence is ahead of time going in. Right?
Curtis – Yes, sir.
Court – And you agree to it?
Curtis – Yes, sir.

\* \* \*

Court – All right. Let me ask you again though, make sure I'm correct. You made this decision to plead guilty here today. You got a full opportunity to explore the facts of your case and what the testimony was going to be. After all that took place and after you talked with your lawyer after this agreement was reached, is that when you decided that you felt like this would be in your best interest to handle the situation this way? Do you understand what I'm saying?
Curtis – No, sir.
Court – I take it you didn't finally decide that you wanted to plead guilty until around lunchtime today. Is that when you finally made your decision about what you wanted to do?
Curtis – Yes, sir.
Court – And did you take into consideration everything that happened up to that

> point, all the discussions you had with your lawyer and everybody up to that point? Maybe you talked with your family, I don't know for sure.
> Curtis – It was up to that point. I was okay.
> Court – That's what I'm getting at though. <u>You considered everything that had happened and any discussions and advice your lawyer gave you. You considered all that and then you made your mind up about whether you wanted to plead guilty or not?</u>
> Curtis – <u>Yes, sir.</u>
> Court – I will take judicial notice of the evidence that was adduced at the motion to suppress hearing, particularly the testimony of Officer Childress who is the primary officer, the arresting officer, the one who testified he seized the cocaine from your person in this situation as a factual basis. Let me ask you, Mr. Curtis, one last thing here. I believe there is a significant and valid factual basis for your plea. <u>You're pleading guilty to possession with intent to distribute cocaine because you are in fact guilty?</u>
> Curtis – <u>Yes, sir.</u> [Doc. 5-1, pp. 34; 37-38; 42-43; 47-48; 54-55]

Clearly, the record establishes that petitioner waived his right to seek review of the denial of his motion to suppress; he was not deprived of the right as he now suggests. The Court of Appeals correctly concluded that petitioner's claims were waived by his unqualified plea of guilty. Federal law, like the law of Louisiana, holds that a knowing and voluntary plea of guilty waives all pre-plea non-jurisdictional defects, including Fourth Amendment claims. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386 (5th Cir. 1995), citing *United States v. Diaz*, 733 F.2d 371, 376 n. 2 (5th Cir.1984); *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir.1979); *Ortega-Velasquez v. United States*, 465 F.2d 419 (5th Cir.1972).

Further, petitioner's claim of ineffective assistance of counsel is likewise refuted by the record. Petitioner now faults counsel for failing to preserve his right to seek appellate review of the denial of his motion to suppress. However, by his own admission, the waiver of that right was a condition of the plea agreement. As noted above, petitioner conceded that he "... understood that he was a second offender at the time and wanted to forego the lengthy trial proceedings and not risk a

potential life sentence when he decided to take the offered plea offer by the State of twelve (12) years under conditions that he reserved his right under *Crosby* which his then-attorney, George Britton almost guaranteed, however, the State frowned hardly [sic] at this motion and took their deal [off] the table." [Doc. 1-2, p. 13] The essence of a plea agreement is that both the prosecution and the defense make concessions to avoid potential losses. *Hughey v. United States*, 495 U.S. 411, 421, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The plea agreement ensured that petitioner would not face a potential life sentence as a third felony offender; it was not unreasonable for the State to require that the plea be unconditional. In any event, the transcript of the plea colloquy establishes that petitioner made no objection with regard to the waiver of appellate review as part of the plea agreement.

As noted above, the transcript of the plea colloquy supports the trial court's ultimate finding that petitioner's guilty plea was a knowing and voluntary waiver of various rights guaranteed under the Constitution. Petitioner does not seriously contend otherwise. The pleadings and exhibits thus clearly establish that he voluntarily waived his right to seek further review of his Fourth Amendment claim and that this waiver was an integral component of the plea agreement that he voluntarily entered into.

In other words, the pleadings and exhibits plainly establish that petitioner is not entitled to *habeas corpus* relief. Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, March 9, 2012.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE