RECEIVED
IN MONROE, LA.
MAY 10 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ARNOLD B. CURTIS<br>LA. DOC #327401 | CIVIL ACTION NO. 3:11-cv-1882 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN JOHNNY SUMLIN | MAGISTRATE JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Arnold B. Curtis ("Curtis") pursuant to 28 U.S.C. § 2254.

On March 9, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 6], recommending that the Court dismiss Curtis' Petition with prejudice.

On March 29, 2012, the Clerk of Court received and filed Curtis' Objection to Magistrate's Report and Recommendation [Doc. No. 7].

The Court has reviewed the entire record in this matter and finds that the Magistrate Judge accurately stated the law and analyzed Curtis' Petition. Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

However, the Court issues this Ruling to address Curtis' Objection. Curtis contends that he did not plead guilty because of the lengthy sentence he would otherwise have faced, but because the State called Sheriff Royce Toney as a surprise witness. Though Sheriff Toney's

testimony was allegedly perjured, Curtis was afraid that the judge would find him credible.

Curtis first raised this claim in his Petition. The Magistrate Judge's Report and Recommendation did not specifically address the role of Sheriff Toney's testimony, but her analysis applies here as well. To the extent that Curtis contends that his counsel was ineffective, he has failed to state any basis for this claim.[1] To the extent that Petitioner claims that the State acted improperly by offering Sheriff Toney as a "surprise" witness, Petitioner's claims are, in actuality, a repetition of his claim that his guilty plea was involuntary. As long as Curtis' guilty plea was knowing and voluntary, he waived all pre-plea non-jurisdictional defects, including claims for ineffective assistance of counsel unless counsel's ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). As the Magistrate Judge discussed, the trial court explained Curtis' rights at length and determined that his decision to plead guilty was voluntarily and knowingly made. Curtis simply has not stated a basis for relief under this theory either.

According, for the reasons stated in the Report and Recommendation of the Magistrate Judge and those additional reasons stated in this Ruling, the Court finds that Curtis is not entitled to relief pursuant to § 2254, and his Petition will be dismissed.

MONROE, LOUISIANA, this ___9___ day of ___May___, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] For example, Curtis offers no facts to suggest that his counsel failed to object or to raise this issue to the trial court.

2